UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

_____
                                    )
UNITED STATES OF AMERICA,           )
                                    )
         v.                         )          Docket No.:  07-12056-PBS
                                    )
JEFFREY SHIELDS                     )
                                    )
_____)

DEFENDANT'S PROPOSED JURY INSTRUCTIONS

     Defendant, Jeffrey Shields, hereby moves this Honorable Court to accept the attached

jury instructions.

                              Respectfully submitted,
                              JEFFREY SHIELDS
                              By his attorney:


                              /s/ John G. Swomley_____
                              John G. Swomley, BBO # 551450
                              Swomley & Associates
                              227 Lewis Wharf
                              Boston, MA 02110
                              Tel. 617-227-9443

UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

_____
                                          )
UNITED STATES OF AMERICA,                 )
                                          )
            v.                            )        Docket No.:  07-12056-PBS
                                          )
JEFFREY SHIELDS                           )
                                          )
_____)

DEFENDANT'S PROPOSED JURY INSTRUCTIONS

**PART I:        _PRELIMINARY INSTRUCTIONS_**

**A.        _DUTIES OF THE JURY_**

Ladies and gentlemen: You now are the jury in this case, and I want to take a few minutes to tell you something about your duties as jurors and to give you some instructions.  At the end of the trial I will give you more detailed instructions. Those instructions will control your deliberations.

It will be your duty to decide from the evidence what the facts are. You are the judges of the facts. You will hear the evidence, decide what the facts are, and then apply those facts to the law as I give to you.  That is how you will reach your verdict.  In doing so you must follow that law whether you agree with it or not.  The evidence will consist of the testimony of witnesses, documents and other things received into evidence as exhibits, and any facts on which the lawyers agree or which I may instruct you to accept.

You should not take anything I may say or do during the trial as indicating what I think of the believability or significance of the evidence or what your verdict should be.

**B.        _NATURE OF PETITION AND PRESUMPTION OF NON-SEXUAL DANGEROUSNESS_**

This civil case has been brought by the United States government. I will sometimes refer to the government as the plaintiff.  The government is represented at this trial by assistant United States attorney Mark Quinlivan.  The defendant, Jeffrey Shields, is represented by his lawyers, Page Kelley, John Swomley, and Eric Tennen.

The government has alleged that Mr. Shields is a sexually dangerous person as defined in applicable federal law.  The government has petitioned to have Mr. Shields civilly committed to the custody of the government for an indeterminate period of time.

The government's petition consists solely of an allegation that Mr. Shields is a sexually dangerous person as defined in applicable federal law.  The government's allegation is just that: an allegation.  It is not evidence of anything.  Mr. Shields denies the government's allegation that he is a sexually dangerous person.  That denial puts in issue every single element of the government's case.  In order to commit Mr. Shields as a sexually dangerous person, the government must prove each and every element of its allegation beyond a reasonable doubt.  Mr. Shields is presumed not to be a sexually dangerous person and may not be found to be a sexually dangerous person by you unless all of you unanimously find that the government has proven Mr. Shields is a sexually dangerous person beyond a reasonable doubt.

C.   *PRELIMINARY STATEMENT OF ELEMENTS OF SEXUAL DANGEROUSNESS*

In order to help you follow the evidence, I will now give you a brief summary of the elements of the government's allegation, each of which the government must prove beyond a reasonable doubt to make its case:

First, the government must prove that Mr. Shields has been convicted of engaging or

attempting to engage in sexually violent conduct or child molestation.  Mr. Shields' conviction, for [], which will be offered into evidence in this case, has not specifically been determined to be "sexually violent conduct" or "child molestation", as those terms have <u>not</u> been defined under applicable federal law.

Second, the government is required to prove that Mr. Shields is "sexually dangerous to others."  "Sexually dangerous to others" has been defined by applicable federal law to mean that the person suffers from a serious mental illness, mental abnormality, or mental disorder; and that as a result of the serious mental illness, mental abnormality or mental disorder, the person would have serious difficulty in refraining from future sexually violent conduct or child molestation if released.

You should understand, however, that what I have just given you is only a preliminary outline of the law.  At the end of the trial I will give you a final instruction on these matters.

**D.   _EVIDENCE; OBJECTIONS; RULINGS; BENCH CONFERENCES_**

I have mentioned the word "evidence."  Evidence includes the testimony of witnesses, documents and other things received as exhibits, and any facts that have been stipulated—that is, formally agreed to by the parties.

There are rules of evidence that control what can be received into evidence.  When a lawyer asks a question or offers an exhibit into evidence, and a lawyer on the other side thinks that it is not permitted by the rules of evidence, that lawyer may object.  This simply means that the lawyer is requesting that I make a decision on a particular rule of evidence.

Then it may be necessary for me to talk with the lawyers out of the hearing of the jury, either by having a bench conference here while the jury is present in the courtroom, or by calling

a recess.  Please understand that while you are waiting, we are working.  The purpose of these conferences is to decide how certain evidence is to be treated under the rules of evidence, and to avoid confusion and error.  We will, of course, do what we can to keep the number and length of these conferences to a minimum.

Certain things are not evidence. I will list those things for you now:

(1) Statements, arguments, questions and comments by lawyers representing the parties in the case are not evidence.

(2) Objections are not evidence. Lawyers have a duty to their client to object when they believe something is improper under the rules of evidence.  You should not be influenced by the objection.  If I sustain an objection, you must ignore the question or exhibit and must not try to guess what the answer might have been or the exhibit might have contained.  If I overrule the objection, the evidence will be admitted, but do not give it special attention because of the objection.

(3) Testimony that I strike from the record, or tell you to disregard, is not evidence and must not be considered.

(4) Anything you see or hear about this case outside the courtroom is not evidence, unless I specifically tell you otherwise during the trial.

Furthermore, a particular item of evidence is sometimes received for a limited purpose only.  That is, it can be used by you only for a particular purpose, and not for any other purpose. I will tell you when that occurs and instruct you on the purposes for which the item can and cannot be used.

Finally, some of you may have heard the terms "direct evidence" and "circumstantial

4

evidence."  Direct evidence is testimony by a witness about what that witness personally saw or heard or did.  Circumstantial evidence is indirect evidence, that is, it is proof of one or more facts from which one can find or infer another fact.  You may consider both direct and circumstantial evidence.  The law permits you to give equal weight to both, but it is for you to decide how much weight to give to any evidence.

      **E.**   ***CREDIBILITY OF WITNESSES***

In deciding what the facts are, you may have to decide what testimony you believe and what testimony you do not believe.  You may believe everything a witness says or only part of it or none of it.

In deciding what to believe, you may consider a number of factors, including the following:  (1) the witness's ability to see or hear or know the things the witness testifies to; (2) the quality of the witness's memory; (3) the witness's manner while testifying; (4) whether the witness has an interest in the outcome of the case or any motive, bias or prejudice; (5) whether the witness is contradicted by anything the witness said or wrote before trial or by other evidence; and (6) how reasonable the witness's testimony is when considered in the light of other evidence which you believe.

      **F.**   ***CONDUCT OF THE JURY***

To insure fairness, you as jurors must obey the following rules:

First, do not talk among yourselves about this case, or about anyone involved with it, until the end of the case when you go to the jury room to decide on your verdict;

Second, do not talk with anyone else about this case, or about anyone who has anything to do with it, until the trial has ended and you have been discharged as jurors.  "Anyone else"

5

includes members of your family and your friends.  You may tell them that you are a juror, but do not tell them anything about the case until after you have been discharged by me;

Third, do not let anyone talk to you about the case or about anyone who has anything to do with it.  If someone should try to talk to you, please report it to me immediately;

Fourth, during the trial do not talk with or speak to any of the parties, lawyers or witnesses involved in this case—you should not even pass the time of day with any of them.  It is important not only that you do justice in this case, but that you also give the appearance of doing justice.  If a person from one side of the lawsuit sees you talking to a person from the other side—even if it is simply to pass the time of day—an unwarranted and unnecessary suspicion about your fairness might be aroused.  If any lawyer, party or witness does not speak to you when you pass in the hall, ride the elevator or the like, it is because they are not supposed to talk or visit with you;

Fifth, do not read any news stories or articles about the case or about anyone involved with it, or listen to any radio or television reports about the case or about anyone involved with it;

Sixth, do not do any research, such as consulting dictionaries or other reference materials, and do not make any investigation about the case on your own;

Seventh, if you need to communicate with me simply give a signed note to the court security officer to give to me; and

Eighth, do not make up your mind about what the verdict should be until after you have gone to the jury room to decide the case and you and your fellow jurors have discussed the evidence.  Keep an open mind until then.

      **G.**     ***NOTETAKING***

6

I am going to permit you to take notes in this case, and the courtroom deputy has distributed pencils and pads for your use.  I want to give you a couple of warnings about taking notes, however.  First of all, do not allow your note-taking to distract you from listening carefully to the testimony that is being presented.  If you would prefer not to take notes at all but simply to listen, please feel free to do so.  Please remember also from some of your grade-school experiences that not everything you write down is necessarily what was said.  Thus, when you return to the jury room to discuss the case, do not assume simply because something appears in somebody's notes that it necessarily took place in court.  Instead, it is your collective memory that must control as you deliberate upon the verdict.  Please take your notes to the jury room at every recess.  I will have the courtroom deputy collect them at the end of each day and place them in the vault.  They will then be returned to you the next morning.  When the case is over, your notes will be destroyed.  These steps are in line with my earlier instruction to you that it is important that you not discuss the case with anyone or permit anyone to discuss it with you.

**H.**    ***OUTLINE OF THE TRIAL***

The first step in the trial will be the opening statements.  The government in its opening statement will tell you about the evidence that it intends to put before you, so that you will have an idea of what the government's case is going to be.  Just as the government's petition to civilly commit Mr. Shields is not evidence, neither is the opening statement evidence.  Its purpose is only to help you understand what the evidence will be and what the government will try to prove.

After the government's opening statement, Mr. Shields' attorney may, if he or she chooses, make an opening statement.  At this point in the trial, no evidence has been offered by either side.

7

Next the government will offer evidence that it says will support its allegation that Mr. Shields is a sexually dangerous person.  The government's evidence in this case will consist of the testimony of witnesses, and may include documents and other exhibits.  In a moment I will say more about the nature of evidence.

After the government's evidence, Mr. Shields' lawyers may present evidence on Mr. Shields' behalf, but they are not required to do so.  I remind you that Mr. Shields is presumed not to be a sexually dangerous person, and the government must prove that Mr. Shields is a sexually dangerous person, as defined by applicable federal law, beyond a reasonable doubt.  Mr. Shields does <u>not</u> have to prove that he is <u>not</u> a sexually dangerous person.

After you have heard all the evidence on both sides, the government and Mr. Shields' lawyers will each be given time for their final arguments.  I just told you that the opening statements by the lawyers are not evidence.  The same applies to the closing arguments.  They are not evidence either.  In their closing arguments the lawyers for the government and Mr. Shields will attempt to summarize and help you understand the evidence that was presented.

The final part of the trial occurs when I instruct you about the rules of law that you are to use in reaching your verdict.  After hearing my instructions, you will leave the courtroom together to make your decisions.  Your deliberations will be secret.  You will never have to explain your verdict to anyone.

**_PART II:_**        **_FINAL INSTRUCTIONS_**

    **A.**        **_DUTY OF THE JURY TO FIND FACTS AND FOLLOW LAW_**

It is your duty to find the facts from all the evidence admitted in this case.  To those facts you must apply the law as I give it to you.  The determination of the law is my duty as the presiding judge in this court.  It is your duty to apply the law exactly as I give it to you, whether you agree with it or not.  You must not be influenced by any personal likes or dislikes, prejudices or sympathy.  That means that you must decide the case solely on the evidence before you and according to the law.  You will recall that you took an oath promising to do so at the beginning of the case.

In following my instructions, you must follow all of them and not single out some and ignore others; they are all equally important.  You must not read into these instructions, or into anything I may have said or done, any suggestions by me as to what verdict you should return—that is a matter entirely for you to decide.

### B.   *LAW OF THE CASE*

_____This is a civil proceeding in which you the jury must determine if the respondent, Mr. Shields, is a sexually dangerous person.  We have a federal statute, Title 18, United States Code, section 4248 that provides that a person who has been convicted of engaging in or attempting to engage in sexually violent conduct or child molestation, *and also* who has been found to be sexually dangerous to others by reason of a serious mental illness, mental abnormality or mental disorder, may be committed to a locked facility for an indeterminate sentence, i.e., for a term from one day to life.  If you were to find that Mr. Shields is a sexually dangerous person, as that term is defined in the law, then Mr. Shields would be confined at such a locked facility for an indefinite period of one day to life.  Mr. Shields would be permitted to file a petition for his release, but realistically it would take a substantial amount of time before a hearing would be

conducted to determine whether he should continue to be confined in a locked facility; and he would remain in custody unless and until the Court determined that he was no longer a sexually dangerous person.  If you were to find that Mr. Shields is not a sexually dangerous person, then he would be released from custody.

What precisely must the government prove in order to meet its burden of proof?  As I said earlier, the government must prove that Mr. Shields is a sexually dangerous person.  That term is defined under the law as a person who has been convicted of engaging in or attempting to engage in sexually violent conduct or child molestation, *and* who suffers from a serious mental illness, mental abnormality or mental disorder that makes it seriously difficult to refrain from future sexually violent conduct or child molestation.

### C. *REQUIRED ELEMENTS FOR FINDING OF SEXUAL DANGEROUSNESS*

In order for Mr. Shields to be found to be a sexually dangerous person, the government needs to prove three elements beyond a reasonable doubt:

(1) that Mr. Shields has been convicted of engaging in or attempting to engage in sexually violent conduct or child molestation;

(2) that Mr. Shields suffers from a serious mental illness, mental abnormality, or mental disorder; and

(3) that the serious mental illness, mental abnormality or mental disorder Mr. Shields suffers from makes it seriously difficult for him to refrain from engaging in future sexually violent conduct or child molestation.

In a moment, I will separately define each of the three elements but, before I do, it is important to step back and look at all three of these elements together in order to understand the

10

law governing sexually dangerous persons.  The law requires the government to prove all three of these elements beyond a reasonable doubt, not just one or two.  Therefore, if you were to find one or two of these elements beyond a reasonable doubt, but not the third, then you must find that Mr. Shields is <u>not</u> a sexually dangerous person.

To be found a sexually dangerous person, Mr. Shields must have been convicted of engaging in or attempting to engage in sexually violent conduct or child molestation, but Mr. Shields may not be found a sexually dangerous person *solely* because you find that he has been convicted of engaging in or attempting to engage in sexually violent conduct or child molestation.  A sexually dangerous person must suffer from a serious mental illness, mental abnormality or mental disorder, but Mr. Shields may not be found a sexually dangerous person *solely* because you find that he suffers from a serious mental illness, mental abnormality or mental disorder.  A sexually dangerous person must suffer from a serious mental illness, mental abnormality or mental disorder that makes it seriously difficult for him to refrain from engaging in future sexually violent conduct or child molestation, but Mr. Shields may not be found to be a sexually dangerous person *solely* because you find that he suffers from a serious mental illness, mental abnormality or mental disorder that makes it seriously difficult for him to refrain from engaging in future sexually violent conduct or child molestation.  Rather, the law requires the government to prove beyond a reasonable doubt *all three* of these elements – it must prove that Mr. Shields has been convicted of engaging in or attempting to engage in sexually violent conduct or child molestation, that Mr. Shields suffers today from a serious mental illness, mental abnormality or mental disorder, and that Mr. Shields suffers from a serious mental illness, mental abnormality or mental disorder that makes it seriously difficult to refrain in engaging in future

11

sexually violent conduct or child molestation.

    **1.**       ***ELEMENT NO. 1***

Let me now discuss each of the three elements separately.  The first element is that Mr. Shields must have been convicted of engaging in or attempting to engage in sexually violent conduct or child molestation.  These terms – sexually violent conduct and child molestation, have not specifically been defined under the law.   Therefore, the government must prove that Mr. Shields' convictions are for is "sexually violent conduct" or "child molestation" as contemplated by the law.

    **2.**       ***ELEMENT NO. 2***

The second element the government is required to prove is that Mr. Shields, today, suffers from a serious mental illness, mental abnormality or mental disorder.  These terms have also not specifically been defined under the law.

    **3.**       ***ELEMENT NO. 3***

The third element the government is required to prove is that Mr. Shields, today, suffers from a serious mental illness, mental abnormality or mental disorder that makes it seriously difficult to refrain from engaging in future sexually violent conduct or child molestation.

This requirement, that the government prove that Mr. Shields is currently suffering from a serious mental illness, mental abnormality, or mental disorder that makes it seriously difficult to refrain from "sexually violent conduct" or "child molestation," is intended to distinguish a dangerous sexual offender whose mental illness, mental abnormality or mental disorder subjects him to civil commitment, from the dangerous, but typical, recidivist convicted in an ordinary criminal case who, having been convicted and punished for one crime, proceeds through his own

12

free choice to commit another.

In determining whether Mr. Shields suffers from a serious mental illness, mental abnormality, or mental disorder that makes it seriously difficult to control his sexual impulses, you may consider the totality of evidence, including evidence of Mr. Shields' past conduct as well as the opinions offered by the testifying experts.  While you may consider past conduct, your focus must be on the present.  The question you must decide is whether the government has proven beyond a reasonable doubt that Mr. Shields *today* suffers from a serious mental illness, mental abnormality or mental disorder that makes it seriously difficult for him to refrain from engaging in future sexually violent conduct or child molestation if released, not whether Mr. Shields suffered in the past from such a serious mental illness, mental abnormality or mental disorder.

    **D.**    ***REQUIREMENT OF EXPERT TESTIMONY ON THE ISSUE OF SEXUAL DANGEROUSNESS***

With respect to <u>both</u> the second and third elements I have just identified, I must tell you that the government is required as a matter of law to produce expert testimony in support of its allegation that Mr. Shields suffers from a serious mental illness, mental abnormality or mental disorder that makes it seriously difficult for him to refrain from engaging in future sexually violent conduct or child molestation.

The Court has ordered that Mr. Shields be examined by a psychologist who must file with the Court a report of his findings, including his opinion as to the diagnosis, prognosis, and sexual dangerousness of Mr. Shields.  If the psychologist does not opine that Mr. Shields suffers from a serious mental illness, mental abnormality or mental disorder that makes it seriously difficult for

13

him to refrain from engaging in future sexually violent conduct or child molestation, then you must find that Mr. Shields is not a sexually dangerous person.

E.    ***PRESUMPTION OF NON-SEXUAL DANGEROUSNESS; PROOF BEYOND A REASONABLE DOUBT***

The presumption that Mr. Shields is not a sexually dangerous person is not a mere formality.   It is a matter of the most important substance.  The government bears the burden of proving that Mr. Shields is a sexually dangerous person beyond a reasonable doubt.  While this is a case seeking to civilly confine Mr. Shields, what is at stake is a man's liberty.  When liberty is at stake, the law requires the government to bear the burden of proving its case beyond a reasonable doubt.  The law imposes this burden of proof, which normally appears in a criminal case, because of the obvious and important liberty interest at stake in this proceeding.

What does it mean for the government to bear the burden of proving beyond a reasonable doubt that Mr. Shields is a sexually dangerous person?  It means that the law presumes that Mr. Shields is <u>not</u> a sexually dangerous person.  Therefore, Mr. Shields begins the trial with a "clean slate" – with no evidence against him.  The law permits nothing but legal evidence presented before the jury in court to be considered in support of any allegation that Mr. Shields is a sexually dangerous person.  Accordingly, the presumption that Mr. Shields is not a sexually dangerous person, standing alone, is sufficient to support a finding that he is not a sexually dangerous person.  This presumption, that Mr. Shields is not a sexually dangerous person, is a rule of law that compels you to find him not to be a sexually dangerous person unless and until the government produces evidence that proves that Mr. Shields is a sexually dangerous person beyond a reasonable doubt.

14

This burden of proof never shifts, it rests always on the government.  It is always the government's burden to prove each of the elements required by law.  Mr. Shields has the right to rely upon the failure or inability of the government to establish beyond a reasonable doubt any essential element of its allegation.  The law does not impose upon Mr. Shields the burden or duty of calling any witnesses or producing any evidence.  Mr. Shields is not even obligated to produce any evidence by cross-examining the witnesses for the government.

What is proof beyond a reasonable doubt?  The term is often used and probably pretty well understood, though it is not easily defined.  Proof beyond a reasonable doubt does not mean proof beyond all possible doubt, for everything in the lives of human beings is open to some possible or imaginary doubt.  A charge is proved beyond a reasonable doubt if, after you have compared and considered all of the evidence, you have in your minds an abiding conviction, to a moral certainty, that the government has met its burden of proving that Mr. Shields is a sexually dangerous person.

I have told you that every person is presumed <u>not</u> to be a sexually dangerous person unless and until he is proven to be a sexually dangers person, and that the burden of proof is on the government.  If, after fair and impartial consideration and evaluation of all the evidence, you still have a reasonable doubt remaining, Mr. Shields is entitled to the benefit of that doubt and must be found <u>not</u> to be a sexually dangerous person.  It is not enough for the government to establish a probability, even a strong probability, that Mr. Shields is a sexually dangerous person. That is not enough.  Instead, the evidence must convinced you that Mr. Shields is a sexually dangerous person to a reasonable and moral certainty; a certainty that convinces your understanding and satisfies your reason and judgment as jurors who are sworn to act

15

conscientiously on the evidence.  If the jury views the evidence in the case as reasonably

permitting either of two conclusions – one that Mr. Shields is not currently a sexually dangerous

person, the other that Mr. Shields is currently a sexually dangerous person – the jury must of

course adopt the conclusion that Mr. Shields is not currently a sexually dangerous person.  That

is what we mean by proof beyond a reasonable doubt.

### F.   *RESPONDENT'S CONSTITUTIONAL RIGHT NOT TO TESTIFY*

Mr. Shields has a constitutional right not to testify and no inference of sexual

dangerousness, or of anything else, may be drawn from the fact that Mr. Shields did not testify.

For any of you to draw such an inference would be wrong; indeed, it would be a violation of your

oath as a juror.

### G.   *WHAT IS EVIDENCE; INFERENCES*

The evidence from which you are to decide what the facts are consists of sworn testimony

of witnesses, both on direct and cross-examination, regardless of who called the witness; the

exhibits that have been received into evidence; and any facts to which the lawyers have agreed or

stipulated.  A stipulation means simply that the government and Mr. Shields accept the truth of a

particular proposition or fact.  Since there is no disagreement, there is no need for evidence apart

from the stipulation. You must accept the stipulation as fact even though nothing more was said

about it one way or the other.

Although you may consider only the evidence presented in the case, you are not limited in

considering that evidence to the bald statements made by the witnesses or contained in the

documents.  In other words, you are not limited solely to what you see and hear as the witnesses

testify.  You are permitted to draw from facts that you find to have been proven such reasonable

inferences as you believe are justified in the light of common sense and personal experience.

**H.**     ***KINDS OF EVIDENCE: DIRECT AND CIRCUMSTANTIAL***

There are two kinds of evidence: direct and circumstantial.  Direct evidence is direct proof of a fact, such as testimony of an eyewitness that the witness saw something. Circumstantial evidence is indirect evidence, that is proof of a fact or facts from which you could draw the inference, by reason and common sense, that another fact exists, even though it has not been proven directly.  You are entitled to consider both kinds of evidence.  The law permits you to give equal weight to both, but it is for you to decide how much weight to give to any evidence.

**I.**     ***CREDIBILITY OF WITNESSES***

Whether the government has sustained its burden of proof does not depend upon the number of witnesses it has called or upon the number of exhibits it has offered, but instead upon the nature and quality of the evidence presented.  You do not have to accept the testimony of any witness if you find the witness not credible.  You must decide which witnesses to believe and which facts are true.  To do this, you must look at all the evidence, drawing upon your common sense and personal experience.  You may want to take into consideration such factors as the witnesses' conduct and demeanor while testifying; their apparent fairness or any bias they may have displayed; any interest you may discern that they may have in the outcome of the case; any prejudice they may have shown; their opportunities for seeing and knowing the things about which they have testified; the reasonableness or unreasonableness of the events that they have related to you in their testimony; and any other facts or circumstances disclosed by the evidence that tend to corroborate or contradict their versions of the events.

**J.**     ***WEIGHING THE TESTIMONY OF AN EXPERT WITNESS***

You have heard testimony from persons described as experts.  An expert witness has special knowledge or experience that allows the witness to give an opinion.  You may accept or reject such testimony.  In weighing the testimony, you should consider the factors that generally bear upon the credibility of a witness, as well as the expert witness's education and experience, the soundness of the reasons given for the opinion and all other evidence in the case.

In this case, you have heard testimony from various psychologists.  Witnesses are generally confined to testifying about what they saw, heard or did; they are not allowed to give their opinions.  However, when the matters in dispute are technical in nature or beyond the knowledge of the average person, a witness with specialized training and experience may be called to give his or her opinion to assist the jury in understanding the evidence.  For this reason, the law permits the testimony of a psychologist regarding his or her evaluation of a respondent alleged to be a sexually dangerous person.  You should, however, understand that the determination of whether the witness is an expert and has expertise that will assist you in understanding the evidence and reaching a verdict rests with you. Remember that you alone decide how much of a witness's testimony to believe, and how much weight it should be given.

Expert testimony does not inherently have any greater weight than any other testimony of any other witness in the case.  Your should treat expert witnesses just like any other witness; their specialized training and experience allows them to offer an opinion but it does not mean that you have to believe or disbelieve it.  As with any witness, you may believe all of an expert witness' testimony, some of it, or none of it.  You are free to reject his or her testimony in whole or in part if you are not satisfied that the witness' opinion is based on the facts of the case as you find them to be, or if you find that the witness does not have a sufficient basis in fact upon which

18

to support his opinion, or if you find that the witness' analysis or methodology is inadequate, or if you find that the witness' opinion is motivated by bias or by his or her own interest in the case.

An expert witness may base his testimony on certain assumptions about the facts and hypothetical questions.  It is up to you to decide whether the facts the witness was asked to assume are the facts you find in this case.  If they are not, then the opinion premised on those assumptions is irrelevant to this case, and you should not consider it.  If, on the other hand, you find that those factual assumptions are indeed the actual facts in the case, then you may consider the expert's opinion based on those facts, and give that opinion whatever weight you determine it deserves.  In short, as with any witness, it is entirely up to you how much, if any, weight to give the testimony of an expert witness and what conclusions, if any, you draw from that testimony.

**K.**      ***WHAT IS NOT EVIDENCE***

Certain things are not evidence. I will list them for you:

(1) Arguments and statements by lawyers are not evidence. The lawyers are not witnesses. What they say in their opening statements, closing arguments and at other times is intended to help you interpret the evidence, but it is not evidence.  If the facts as you remember them from the evidence differ from the way the lawyers have stated them, your memory of them controls.

(2) Questions and objections by lawyers are not evidence.  Lawyers have a duty to their clients to object when they believe a question is improper under the rules of evidence.  You should not be influenced by the objection or by my ruling on it.

(3) Anything that I have excluded from evidence or ordered stricken and instructed you to disregard is not evidence.  You must not consider such items.

(4) Anything you may have seen or heard when the court was not in session is not evidence.  You are to decide the case solely on the evidence received at trial.

(5) The petition for commitment is not evidence.  This case began with a petition filed by the government alleging that Mr. Shields is a sexually dangerous person.  That petition consists simply of a single allegation made by only one side in this case.  I caution you, as I have before, that the fact that the government filed this petition and made the allegation that Mr. Shields is a sexually dangerous person is no evidence whatsoever of his sexual dangerousness.  The petition is simply an allegation.  It is the means by which the government brings its case before this court. The petition proves nothing.

### L.  *HOMOSEXUAL PETITIONER*

Evidence has been presented that Mr. Shields is a homosexual or gay man, that is, that he is sexually attracted more to men than to women.  I charge you that this fact does not make it any more or less likely that he is a sexually dangerous person than if his sexual orientation were heterosexual.  Some people have strong feelings against homosexuality in this society, and if any of you are among that number, I charge you that you must put out of your mind any such feelings in assessing this case, for Mr. Shields is entitle to your unbiased assessment of the evidence in this case.

The issue in this case is not Mr. Shields' sexual orientation, but whether he is a sexually dangerous person as I have defined that for you in prior instructions.  It is absolutely irrelevant to your deliberations that he may be more attracted to men than women, or that he may have consensual adult sexual relations with men rather than women.  What matters is whether Mr. Shields has been convicted of engaging in or attempting to engage in sexually violent conduct or

child molestation in the past, and whether he currently suffers from a mental illness, mental abnormality or mental disorder that would make it seriously difficult for him to refrain from engaging in sexually violent conduct or child molestation in the future if not confined to a locked facility.