```
             IN THE UNITED STATES DISTRICT COURT
              FOR THE DISTRICT OF MASSACHUSETTS


UNITED STATES OF AMERICA,    )
                             )
            Petitioner       )
                             )
       -VS-                  ) CA No. 07-12056-PBS
                             ) Pages 1 - 11
JEFFREY SHIELDS,             )
                             )
            Respondent       )




                 JURY TRIAL - DAY TEN
                    JURY VERDICT

         BEFORE THE HONORABLE PATTI B. SARIS
            UNITED STATES DISTRICT JUDGE




                        United States District Court
                        1 Courthouse Way, Courtroom 19
                        Boston, Massachusetts
                        September 17, 2008, 11:40 a.m.




                    LEE A. MARZILLI
                  OFFICIAL COURT REPORTER
                United States District Court
                1 Courthouse Way, Room 3205
                      Boston, MA  02210
                       (617)345-6787
```

1   A P P E A R A N C E S:

2        MARK J. GRADY, ESQ. and EVE A. PIEMONTE-STACEY, ESQ.,
    Assistant United States Attorneys, Office of the United
3   States Attorney, 1 Courthouse Way, Boston, Massachusetts,
    02210, for the Petitioner.
4
         PAGE KELLEY, ESQ, Federal Defenders,
5   408 Atlantic Avenue, Boston, Massachusetts, 02210,
    for the Respondent.
6
         JOHN G. SWOMLEY, ESQ. Swomley & Associates,
7   227 Lewis Wharf, Boston, Massachusetts, 02110-3927,
    for the Respondent.
8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

1               P R O C E E D I N G S
2          THE COURT:  So let me just go on the record.  Lee
3  has been up all night, has finished the first volume and is
4  on the verge of finishing the second volume.  There's only
5  about 25 or so pages of the third volume, so I think I'm
6  going to hand them the first two volumes, which it will take
7  as long for her to get them the next 25 pages as it will --
8  so I'm not going to wait till the whole thing is done.  As
9  soon as the second volume is done, we'll hand them the both
10 of them, and then we'll supplement it with the third, which
11 is about 25 pages.
12         Now, we have another problem.  One of the juror's
13 father-in-law died, and he needs to go to Pennsylvania to
14 attend the funeral Thursday, coming back late Friday.  So
15 the real issue is what to do.  Since this is a civil jury, I
16 will just excuse him.
17         MR. SWOMLEY:  Can you excuse him at the close of
18 business today?
19         THE COURT:  Yes.  That's what I'm going to tell
20 him.  So I'm sort of assuming they will either reach a
21 verdict today or declare their third impasse, at which point
22 I will excuse them, so -- but maybe I'm wrong.  Maybe that's
23 an incorrect assumption.  So why don't I bring them in here,
24 and I'll tell them this.
25         MR. SWOMLEY:  And are they going to be permitted

1  to begin deliberations now?
2              THE COURT:  Yes.
3              MR. SWOMLEY:  They don't have to wait for the
4  transcript?
5              THE COURT:  No, no, no.  I'm assuming, even though
6  I tell them not to do it, they've sort of been doing it, but
7  there was one juror who was half an hour, 45 minutes late,
8  so --
9              THE CLERK:  They shouldn't have been deliberating
10 without him.
11             THE COURT:  No, no, no, when he got in there.
12             (Discussion off the record.)
13             (Jury enters the courtroom.)
14             THE COURT:  Good morning.
15             THE JURY:  Good morning.
16             THE COURT:  First of all, did anyone speak about
17 this case or see anything in the press?  I find the jury has
18 complied.
19             Lee has been working all night on this transcript.
20 We're done with Volume 1.  "We," it's very kind of me.  She
21 did it all.  She's done Volume 1.  She's maybe an hour away
22 from finishing Volume 2, and as soon as we have both of
23 those volumes, we'll give it to you.  The third volume will
24 take a little longer, it's the third day, but it's only
25 short, and so the bulk of it will be direct and cross to

1  you.  But as soon as we get the third day, we'll get it to
2  you.
3           In addition, somebody unfortunately reported to me
4  that their father-in-law died and they need to leave
5  tomorrow for a funeral.  Of course I will excuse you to do
6  that.  So, as I understand it, though, I don't know who --
7  who is it?
8           A JUROR:  I can stay all day.  I'm driving to
9  Pennsylvania tomorrow.
10          THE COURT:  Thank you very much for doing that,
11 and I'm sorry about your loss.
12          A JUROR:  Thank you.
13          THE COURT:  So why don't you start deliberating.
14 As soon as we can get you it, we will.  I am swearing in
15 2,500 new citizens at Fenway Park today at 1:30, the first
16 immigration ceremony ever given in Fenway Park.  Luis Tiant
17 is going to say the Pledge of Allegiance.  But I only should
18 be gone for about a half an hour.  Unfortunately, I was
19 trying to get the Red Sox there, but they're away.  There's
20 an hour in there, like, say, 1:30 to 2:30, that I won't be
21 here, but otherwise I'm around to answer any of your
22 questions.  So thank you very much, and I'll see you.
23          (Jury excused.)
24          THE COURT:  Am I right that the first and second
25 days cover most --

1  THE LAW CLERK: The end of the first is already
2  getting to the cross.
3  THE COURT: So the two days are the bulk of it,
4  and then we'll supplement with the third as soon as it's
5  ready. I don't think you guys need to stay around.
6  MS. KELLEY: Well, I'm staying in the building
7  today, so --
8  MR. GRADY: We'll be available to be reached too.
9  THE COURT: You can go off the record here.
10  (Discussion off the record.)
11  (Resumed, 3:40 p.m.)
12  THE COURT: So I don't know if you all heard what
13  was in here?
14  MS. KELLEY: Yes.
15  THE COURT: Basically they're a hung jury: "We
16  continue to be deadlocked on Question 2. The majority and
17  minority sides have worked very hard to change their
18  positions and the position of others to no avail. Reviewing
19  testimony did not help jurors change their positions. The
20  minority believes that changing their positions would cause
21  violence to their conscience."
22  So I'm going to -- well, unless I hear otherwise,
23  I think I declare a mistrial at this point.
24  MS. KELLEY: We agree with that, and we also ask
25  that you not poll them.

1              THE COURT:  I think that's right.  I mean, it's a
2  mistrial.  Okay?  So I'm going to bring them in.  I'm going
3  to take the verdict on the first question.  So have them,
4  how do you answer on Question 2, how do you answer on the
5  next one, which is deadlocked?  So I do need them to publish
6  the verdict that they've reached.  Yes, he'll just say
7  "deadlocked," so tell him what to do, okay?
8              MR. GRADY:  Your Honor, I'm just concerned about a
9  notion that you're declaring a mistrial formally.  I think
10 you can declare this jury deadlocked.
11             THE COURT:  That's fine.
12             MR. GRADY:  Okay.
13             THE COURT:  Have any of you ordered the transcript
14 yet?
15             MS. STACEY:  Yes, your Honor.  We had ordered it
16 at the beginning, we had ordered dailies.
17             THE COURT:  So why don't we say the findings of
18 fact and law, no longer than 20 pages, come in within two
19 weeks after getting the transcripts.
20             MR. SWOMLEY:  Your Honor, when the dust settles,
21 he is being held at Wyatt and should be sent back to Devens.
22 I don't know what we need to do to make that happen.
23             MS. KELLEY:  I think the marshals are waiting to
24 transport Mr. Wilkinson from Judge Wolf's courtroom back.
25 They're done with that case for now, so they're taking him

1  back to Devens, and hopefully they're waiting to take him
2  back.
3            THE COURT:  Do you know where he's going?
4            THE MARSHAL:  Say the word, we'll transport.
5            THE COURT:  Devens.
6            MS. KELLEY:  Yes, that's good, because he has all
7  his belongings there, and Wyatt is a terrible place, even
8  compared to Devens, so. . .
9            MR. GRADY:  We'll communicate the Court's order to
10 BOP as well.
11           THE COURT:  That's great.
12           MR. SWOMLEY:  Thank you.  Just out of curiosity,
13 for the other one, does that mean we don't get daily
14 transport from Devens?  It's equal distance, isn't it?
15           THE MARSHAL:  Yes, your Honor.  It's a federal
16 facility.  The rules are a lot different.
17           THE COURT:  And so we can't, just for my future
18 trials, have people transported every day from Fort Devens?
19           THE MARSHAL:  No, your Honor, not without --
20           MR. SWOMLEY:  Without what?  What do we need to
21 do?  I think that would be obviously preferable because
22 that's where they are and that's where they have their
23 resources, and there's things that they need to do to
24 assist.
25           (Discussion off the record.)

1              THE CLERK:  All rise for the jury.
2              (Jury enters the courtroom.)
3              THE CLERK:  Members of the jury, please remain
4   standing.  Everyone else, you may be seated.
5              THE COURT:  Mr. Alba, you may inquire.
6              THE CLERK:  Mr. Foreman, has the jury reached a
7   unanimous verdict?
8              THE FOREMAN:  On Question 1, yes.
9              THE CLERK:  Would you please return your verdict
10  to the Court.
11             (Foreperson complies.)
12             THE CLERK:  Mr. Foreman, as to Question 1, did the
13  United States prove by clear and convincing evidence that
14  Mr. Shields suffers from a serious mental illness,
15  abnormality, or disorder?
16             THE FOREMAN:  A unanimous "yes."
17             THE CLERK:  Question 2, did the United States
18  prove by clear and convincing evidence that as a result of
19  the serious mental illness, abnormality, or disorder,
20  Mr. Shields would have serious difficulty in refraining from
21  sexually violent conduct or child molestation if released?
22             THE FOREMAN:  The jury is deadlocked on that
23  question.
24             THE CLERK:  Thank you, Mr. Foreperson.  So say,
25  you Mr. Foreperson?

Page 10

1      THE FOREMAN:  Yes.
2      THE CLERK:  So say you, all members of the jury?
3      THE JURY:  Yes.
4      THE CLERK:  Thank you.
5      THE COURT:  You may be seated.  I know how hard
6  you worked at all this, but, you know, I just swore in 3,000
7  new American citizens, and I emphasized for them jury duty.
8  I think you all could have given that speech a lot better
9  than I did this afternoon at Fenway Park.  I know how hard
10 you worked, and I sort of wrote back "Keep deliberating,"
11 and you did keep deliberating, and then I gave it a little
12 tougher "Please keep trying," and you kept trying, and you
13 couldn't.  And it is the right of a jury not to agree.
14 These are difficult questions.
15     So I thank you for all that you've put into it.
16 It's really been about three weeks of your life that you've
17 put into it.  I think, on behalf of everyone that's in this
18 room, you can now talk about this case with whomever you
19 want.  I make it a practice to go back and thank you
20 personally, but I'm not going to ask you about your
21 deliberations, and please don't tell me.  That's all
22 confidential with you.
23     So at this point, this is your jury duty for, I
24 think, three years, and hopefully next time you get a very
25 simple case.  We stand in recess.

1        THE CLERK:  All rise for the jury.
2           (Jury excused.)
3        THE COURT:  All right, thank you.  So as I
4   mentioned, all I need is -- I think I've had plenty of
5   memos.  What I really need are the facts, so a 20-page memo,
6   proposed findings of fact and law two weeks after Lee gets
7   you a final transcript.  And at this point, go home, and
8   thank you very much for a well-tried case.
9        MR. SWOMLEY:  Thank you, Judge.
10       THE CLERK:  Court is in recess.
11          (Adjourned, 4:00 p.m.)
12
13
14
15
16
17
18
19
20
21
22
23
24
25

1        C E R T I F I C A T E

2

3

UNITED STATES DISTRICT COURT )
4  DISTRICT OF MASSACHUSETTS    ) ss.
CITY OF BOSTON                )
5

6

7        I, Lee A. Marzilli, Official Court Reporter, do

8  hereby certify that the foregoing transcript, Pages 1

9  through 11 inclusive, was recorded by me stenographically at

10 the time and place aforesaid in Civil Action

11 No. 07-12056-PBS, United States of America V. Jeffrey

12 Shields, and thereafter by me reduced to typewriting and is

13 a true and accurate record of the proceedings.

14       In witness whereof I have hereunto set my hand

15 this 13th day of October, 2008.

16

17

18

19

20

                /s/ Lee A. Marzilli
21       _____

         LEE A. MARZILLI, RPR, CRR
22       OFFICIAL COURT REPORTER

23

24

25