# EXHIBIT 1

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | Civil Action No. 07-12056-PBS |
| | ) | |
| JEFFREY SHIELDS, | ) | |
| Respondent. | ) | |

## CERTIFICATION

I, CAROLYN A. SABOL, hereby certify and state as follows:

1. I am employed by the United States Department of Justice, Federal Bureau of Prisons, as the Warden of the Federal Medical Center, Devens, Massachusetts (FMC Devens). I have been employed at this position since January 7, 2007, and have been employed by the Bureau of Prisons since August 1982. My previous positions included Attorney, Deputy General Counsel, Deputy Regional Director and Warden at two other prisons.

2. In its February 12, 2009, Findings of Fact and Conclusions of Law and Order, the Court ordered, "The Attorney General, within thirty (30) days of this ORDER, shall file a certificate with this Court stating whether a State has agreed to assume responsibility for Respondent Shields' custody, care, and treatment. If no State has agreed to assume responsibility by that date, the certificate shall detail all efforts the Attorney General has made to cause a State to assume such responsibility and shall identify the facility in which the Attorney General plans to place Respondent Shields. The certificate shall also explain why the facility is 'suitable' for Respondent Shields, particularly with respect to the suitability of the facility's rehabilitation programs for meeting the needs of Respondent Shields." As Warden of FMC Devens, I provide this Certification on behalf of the Attorney General.

3. Title 18, Section 4248(d) states, "The Attorney General shall release the person to the appropriate official of the State in which the person is domiciled or was tried if such State will assume responsibility for his custody, care, and treatment." My review of the Bureau of Prisons' records for Respondent Shields finds that the State of Maine is the appropriate jurisdiction to assume responsibility for him under Section 4248(d) because Respondent was domiciled in Maine and criminally tried in Maine. As of the date of this Certificate, Maine has not agreed to assume responsibility for Respondent Shields' custody, care, and treatment.

4. At my direction, on February 18, 2009, Jennifer Lee, a Social Worker at FMC Devens, reached out to Maine's ICC (Interstate Compact Coordinator), informing him of the upcoming ICC request. She also began preparing the packet containing information

Page 1 of 3

about Respondent which would be forwarded to him. An ICC request is the process used by Bureau Social Workers in order to attempt an interstate transfer of a civil commitment patient from federal to state custody for care and treatment.

5. Further, I understand that on February 19, 2009, the Social Worker met with Respondent Shields to explain the ICC process to him and have him sign consents and releases authorizing the disclosure of his records to the Maine ICC in order to facilitate consideration of the ICC request. Based on information obtained from a Sex Offender Management Program (SOMP) Specialist, the Social Worker left a voicemail message with Nicholas Petrou of Forensic Health Services for information regarding sex offender treatment in Maine. Although Forensic Health Services contracts with the State of Massachusetts, the SOMP Specialist believed that Mr. Petrou might be able to provide information on Maine's sex offender resources. Further, the Social Worker spoke with Tim App of the Counseling and Psychotherapy Center, an out-patient sex offender program based in Massachusetts, which also contracts with the Department of Corrections in Maine. I am told that Mr. App reported to the Social Worker that the only intensive sex offender treatment offered in Maine is through the Department of Corrections and that civil commitments cannot be housed with general population inmates.

6. It is my understanding that on February 20, 2009, the Social Worker spoke with Maine's ICC, providing him with some information regarding Respondent Shields' civil commitment. She later faxed the ICC packet to the Coordinator.

7. I have been advised that the Social Worker spoke with Mr. Petrou on February 23, 2009, and at that time, he advised her that he was not aware of any secure sex offender treatment program in Maine.

8. Finally, it is my understanding that on February 25, 2009, the Social Worker contacted the Maine ICC regarding the status of the request, and she learned that Maine would not assume responsibility for Respondent Shields' custody, care, and treatment. On March 4, 2009, FMC Devens received a formal letter of the denial, which was dated February 24, 2009. The Medical Director for Maine's Department of Health and Human Services stated the denial was based on his clinical review of Respondent Shields' records, the "lack of any sexual offender treatment program within our institution nor any statute in Maine law to civilly commit a 'sexually dangerous person,' and [Maine's] need to use the state hospital resources exclusively to treat forensically committed clients from Maine state courts." A true and correct copy of the Denial Letter is attached as Exhibit A to this Certification.

9. As Maine is not willing to assume responsibility for Respondent Shields' custody, care, and treatment, the Bureau of Prisons has transferred him to the Federal Correctional Institution in Butner, North Carolina (FCI Butner). The Bureau has designated FCI Butner as the facility where certified, post sentence persons, and civilly committed sex offenders will be transferred for confinement and treatment, and it has established the Commitment and Treatment Program for Sexually Dangerous Persons (CTP). It is my

understanding that the CTP has the staff and resources necessary to effectuate the custody, care, and treatment of Respondent Shields, including psychologists and other staff trained in the treatment of sexual offenders.

I certify under penalty of perjury and pursuant to 28 U.S.C. § 1746 that the foregoing is true and correct to the best of my knowledge.

Executed this __13th__ day of March 2009.

_____
Carolyn A. Sabol
Warden, FMC Devens

Exhibit A



**Department of Health and Human Services**
Maine People Living Safe, Healthy and Productive Lives

John E. Baldacci, Governor        Brenda M. Harvey, Commissioner

Department of Health and Human Services
Riverview Psychiatric Center
250 Arsenal Street
# 11 State House Station
Augusta, Maine 04333-0011

Medical Director's Office
Tel: (207) 624-4657; Fax: (207) 287-6123

February 24, 2009

Jennifer Lee, LCSW
Federal Bureau of Prisons
Devens Federal Medical Center
42 Patton Road
PO Box 880
Ayer, MA 01432

Re:   Jeffrey Shields
      Reg No 17060-036

Dear Ms. Lee:

I am in receipt of your request to transfer the care of inmate Jeffrey Shields to State of Maine custody through the Interstate Compact Request process. I have reviewed the written material you provided.

Based on my clinical review of his records, the lack of any sexual offender treatment program within our institution nor any statute in Maine law to civilly commit a "sexually dangerous person", and our need to use the state hospital resources exclusively to treat forensically committed clients from Maine state courts, I regret that we will not be able to assume responsibility for Mr. Shield's custody, care, and treatment at this time.

Very truly yours,

*William H. Nelson, MD*
William H. Nelson, MD
Medical Director

c.    Maryloulse Mcewen, RN, MBA
      Terry O'Neal

Caring..Responsive..Well-Managed..We are DHHS.